ORDER DENYING MOTION FOR RECONSIDERATION
JANE M. SMITH, Chief Justice.
On June 14, 2013, the Tulalip Tribes filed a Motion for Reconsideration and Rehearing, asking this Court to reconsider our Opinion in this proceeding filed on May 31, 2013. Because the Tribes’ motion was filed within ten days of service of the Opinion on the Tribes as required by Tu-lalip Tribal Code (TTC) 2.20.110(2), we accept it for review.
On July 5, newly retained counsel for Alfred Luongo, the registered owner of the vehicle subject to potential forfeiture in this proceeding, filed a Response to the Tribes’ Motion for Reconsideration and Rehearing. This was well beyond the ten day deadline set forth in TTC 2.20.110(3) for filing a response to the motion. However, due to a clerical error,[1] we will excuse the late filing. The Response also was not accompanied by proof of service, as also required by TTC 2.20.110(3). Because the court clerk served the Response on the Tribes three days after it was filed, we will excuse the failure to serve.
The Tribes’ Motion for Reconsideration presents three arguments. First, the Tribes contend this Court erred by foregoing oral argument and orally dismissing the case, and then reversing that ruling sua sponte to reach the merits. The Tribes argue that this constituted error because the Tribal Code authorizes dismissal when a party fails to comply with a court order. The Tribes further contend that our decision to forego oral argument constitutes grounds for rehearing because the Tribes would have used oral argument to “expand” on issues raised in the Tribes’ brief.
Second, the Tribes contend the Court erred in relying on the U.S. Supreme Court decision in Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), because that decision rests on an “originalist interpretation” of the Eight *234 Amendment that should not be applied in Indian Country.
Third, the Tribes asks the Court to reconsider our Opinion because the Tribes detrimentally relied on the Court’s oral ruling dismissing the case in that the Tribes invested approximately two thousand dollars in converting the van to use by the Tulalip Police Department prior to the issuance of our written decision remanding to the trial court for a determination of whether the forfeiture constituted an excessive fine.
ANALYSIS
1. Reversal of the Oral Ruling to Dismiss the Appeal
We believe it is clear from the rules and cases cited in our Opinion that the Court had the discretion to rescind its oral ruling of dismissal, waive oral argument, and proceed to decide the merits based on the briefs. The Tribes’ motion acknowledges that the rule providing for oral argument is “permissive,” (i.e., appellants are not required to present oral argument). The Tribes argue that the Court had the discretionary authority under TTC 2.20.050 to dismiss the appeal because Appellant did not comply with the Court’s scheduling order, which included boilerplate language commonly used by this Court that the parties “shall” appear for oral argument. The fact that we ultimately chose to not exercise our discretion to dismiss does not constitute grounds for reconsideration. The Tribes also argue our Opinion and a strict reading of the appellate rules “creates an issue whether an Appellee would ever be able to present oral argument if the Appellant decides not to appear” for oral argument. Given the explicit grant of authority in TTC 2.20.050 for this Court to “make other rulings as appropriate” when a party fails to comply with the appellate rules, this argument appears to have little merit, and in any event the issue is not before the Court in this appeal.
In regards to the “expanded” argument the Tribes would have offered at oral argument, the Tribes’ motion cites the value of the van, the marijuana, the grow operation at the appellant’s residence, and the cost of enforcement for the sting and arrest.[2] However, none of these facts/issues are documented in the record or discussed in the Tribes’ brief. Thus, the entirety of the Tribes’ “expanded” oral argument would have required reliance on facts not in the record and issues not presented in the Tribes’ brief. TTC 2.20.080 expressly prohibits parties from presenting arguments orally that have not been properly raised in a written brief or motion. These extra-record, unbriefed facts and issues are precisely the kind of things that would be proper to submit to the trial court on the remand to determine whether the forfeiture constituted an excessive fine, and the trial court is better suited than the Court of Appeals to take evidence and enter factual findings and conclusions of law in regard to these facts and arguments.
II. Reliance on United States Supreme Court Decisions
It is ironic that the Tribes, having cited Austin, supra, in support of their position in their brief on the merits, now argue in their Motion for Reconsideration that the Court should not follow Austin. The Tribes’ opening brief also relied on the *235 U.S. Supreme Court decision in Browning-Ferris Indus. Of Vt. v. Kelco Disposal, Inc., 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989), but now, in their Motion for Reconsideration, the Tribes argue that Austin is flawed in part because it followed Browning-Ferns. It seems to us that, having cited both of these cases approvingly in their brief on the merits, the Tribes should be estopped from now arguing that these cases are somehow inapplicable. In a more substantive vein, except for a broad assertion that this case should be treated differently because it arises out of Indian country and tribes lack criminal jurisdiction over non-Indians, the Tribes’ motion does not claim that Austin was decided incorrectly or that the Tulalip Court of Appeals misapplied Austin. The Tribes’ motion also does not explain why or how the Court should ignore Austin in light of the provisions of the Tulalip code and constitution cited in the Court’s Opinion that federal law may be utilized as a guide and that the exercise of Tulalip home rule is to be not inconsistent with federal law.
The Tribes now also cite the U.S. Supreme Court decision in Hudson v. United States, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), without explaining or offering any argument as to why the Tribes should be allowed to pick and choose which U.S. court decisions the Court of Appeals must follow and which it should ignore.[3] The Tribes also make the incorrect claim in their motion for reconsideration that the Tribes’ forfeiture statute does not require a “finding of scienter.” The Tulalip statute provides an innocent owner defense, and expressly requires that the petitioner must prove all the allegations in the petition by a preponderance of the evidence, including “that the property was used with the knowledge or consent of the owner.” TTC 2.15.010(l)(e)(ii). Thus, a finding of scienter is required for a civil forfeiture under TTC 2.15.010(l)(e). The scienter requirement is one of the key issues the Austin Court focused on in determining whether a civil forfeiture statute would be considered punitive and therefore subject to an excessive fines analysis.
Lastly, even the citation to the Hudson decision in the Tribes’ Motion for Reconsideration supports, rather than refutes, our Opinion in this case. The citation from Hudson (which is a double jeopardy case, not an excessive fines case) states that a court should first look at whether the legislature intended a penalty to be civil or criminal in nature, but then the Court should “inquire! ] further whether the statutory scheme was so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty.” This is exactly what the Court of Appeals has done. And it is important to bear in mind for purposes of the excessive fines analysis (as opposed to the double jeopardy analysis in Hudson) that the inquiry is whether the fine is “punitive,” not whether a fine transforms a civil statute into a criminal one. In other words, the excessive fines doctrine can be applied to the Tulalip civil forfeiture statute without transforming the civil remedy into a criminal penalty that would de facto subject a non-Indian to a tribal criminal proceeding. One of the key holdings of Austin is that, for purposes of the excessive fines clause, it is of no import whether a statute is civil or criminal. And *236 even in Hudson, the holding that double jeopardy did not apply hinged on the fact that the Tenth Circuit Court of Appeals had conducted an excessive fines analysis and determined that “the actual fines imposed by the Government were not so grossly disproportional to the proven damages to the Government as to render the sanctions ‘punishment’ for double jeopardy purposes.” Hudson, 522 U.S. 93, at 98, 118 S.Ct. 488. Hudson expressly notes that “punishment” can be civil or criminal in nature. Id. at 99, 118 S.Ct. 488. Indeed, Hudson, now cited by the Tribes in their Motion for Reconsideration, cites Austin with approval. Id. at 103, 118 S.Ct. 488. Hudson affirms that a civil penalty that is not so severe as to convert the statute into a criminal one for double jeopardy purposes is nonetheless subject to an excessive fines analysis under the Eight Amendment. Thus, Hudson provides further support for our holding that the excessive fines clause of the Indian Civil Rights Act applies to the Tribes’ civil forfeiture statute.
As the United States Second Circuit Court of Appeals has noted, “... ordinarily the inquiry into whether a sanction is ‘criminal’ or ‘civil’ is neither simple or mechanical.... ” Poodry v. Tonawanda Band, 85 F.3d 874, 889. Pursuant to Austin and Hudson, the possibility that a civil statute imposes remedial sanctions that also have punitive aspects does not transform the civil statute into a criminal one, but the excessive fines clause applies nonetheless.
III. Detrimental Reliance
Whether the Tribes prematurely converted the van to their own use without waiting to receive a signed written order from the Court of Appeals is no basis for reconsidering the Court’s Opinion. As argued by the appellant, post-seizure expenditures of Tribal funds that are unrelated to the forfeiture itself are simply not relevant, and ruling for the Tribes on this point would create an incentive for the Tribes to expend funds converting seized property to its own use while court proceedings are still pending. If there was some urgency on the part of the Tribes to make this conversion, the Tribes should have filed a motion with the Court to expedite the issuance of a written opinion confirming its oral ruling. The Tribes also could have formally requested a status report from this Court once ninety days had passed from the date of oral argument without a written opinion. Moreover, it could well be that the trial court determines that the forfeiture of the van was not an excessive fine, in which case the Tribes would suffer no harm from their own mistake in proceeding to convert the van without a written order or opinion.
CONCLUSION
The Tribes’ Motion for Reconsideration and Rehearing is denied. Pursuant to our Opinion of May 31, 2013, this matter is remanded to the trial court for a determination of whether the forfeiture in this ease violates the excessive fines clause of ICRA.
IT IS SO ORDERED.

. The Tulalip Court clerk's office, possibly as a result of implementing new case management software, assigned the appellate case number to the proceedings before the trial court on remand. Mr. Luongo’s attorney then filed a motion for continuance in response to a notice of hearing issued by the trial court in response to the remand order (again, that notice bore the appellate case number). In other words, there were two proceedings which required a response from Mr. Luongo—the remand proceeding before the trial court and the reconsideration hearing before the Court of Appeals—but because the clerk assigned the same case number (the appellate case number) to both, Mr. Luongo's attorney was led to believe that he only needed to file one pleading, which was his motion for continuance of the trial court hearing. Mr. Luongo’s Response was filed within ten days of his attorney being notified of this error.

. This Court is skeptical that the costs of an investigation of a potential marijuana growing operation at the appellant's house or other costs that go beyond those directly related to the forfeiture of the vehicle are relevant to the excessive fines analysis. However, the Tribes remain free to present this argument to the trial court on remand.

. The Tribes' argument that the Tulalip Courts should ignore federal court decisions that rely on an "originalist interpretation” of the United States Constitution is unpersuasive. Vast areas of federal common law ultimately rest on interpretations of how English and American law were understood historically.